## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LELAND T. TAYLOR,

                    Plaintiff,

v.                                                    No. 1:20-cv-00501-KK

DAN ROBLES, et al.
ROBLES & ANAYA, P.C.

                    Defendants.

### ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on Plaintiff's Complaint and Request for Injunction, Doc. 1, filed May 26, 2020 ("Complaint"). The only factual allegations in the Complaint are:

> In my civil rights violation action (CV-20-00267) against Michell Lujan Grisham as an individual, defendant entered a response to the suit in violation of state law, the anti-donation clause of the NM Constitution, This action gave an unfair advantage to the defendant over my actions in the case. It would be nice for the state to provide free legal services to any citizen. Their representing the defendant seriously damaged my case and caused irreparable harm to me and other citizens that may benefit from this action.

Complaint at 4.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

There is no properly alleged federal-question jurisdiction because the Complaint does not allege that this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Complaint states that the federal-question basis for jurisdiction is "42/§ 1983, violating my civil rights." Complaint at 2. However, 42 U.S.C. § 1983 "is not a jurisdictional statute and is significant only to the extent that it creates a cause of action." *Tyler v. Russel*, 410 F.2d 490, 491 (10th Cir. 1969); *McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011)("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law"). The Complaint does not allege that Defendants deprived Plaintiff of any rights secured by the United States Constitution or federal law.

There is no properly alleged diversity jurisdiction because the Complaint states that Plaintiff and Defendant both reside in New Mexico. Complaint at 1. To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

Furthermore, the Complaint fails to state a claim upon which relief can be granted because Defendants are not state actors and the Complaint does not allege that Defendants deprived Plaintiff of any rights secured by the United States Constitution or federal law. *See McCarty v. Gilchrist*, 646 F.3d at 1285.

This case should be dismissed for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. The Court grants Plaintiff an opportunity to file an

amended complaint that shows the Court has subject-matter jurisdiction and that states a claim upon which relief can be granted.

**IT IS ORDERED** that Plaintiff may, with 21 days of entry of this Order, either (i) show cause why this case should not be dismissed for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, or (ii) file an amended complaint that shows the Court has subject-matter jurisdiction and states a claim upon which relief can be granted.  Failure to timely show cause or file an amended complaint may result in dismissal of this case.

**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**